■ EXXON CORPORATION, Appellant, v NEW ENGLAND PETROLEUM CORPORATION, Respondent.—Order, Supreme Court, New York County, entered September 29, 1978, which denied plaintiff's motion for summary judgment is unanimously affirmed, with costs. Plaintiff purchased a quantity of heating oil directly from defendant and also purchased from defendant through traders Vitol Trading S. A. and Derby & Co. an additional quantity of heating oil. This sale was negotiated by defendant's employee, one R. H. Breiden. In connection with this sale, Breiden agreed that defendant would pass along to plaintiff certain entitlements that defendant, as the record importer of the oil, would be receiving pursuant to a program of the Federal Energy Administration (FEA). Defendant received from the FEA 5 cents per gallon for this oil under the entitlements program and plaintiff has made claim to those benefits in the sum of $1,245,296.70. In response to the claim, defendant, in August, 1977, sent plaintiff a credit memo in the sum of $355,620.97, covering payment of the entitlements. Thereafter, defendant's president forwarded a further credit memo in the sum of $152,408.99, as reimbursement of the 1.5 cents per gallon license import fee previously

deducted by defendant from the entitlements payment. Plaintiff's complaint seeks the balance of the entitlements which it claims defendant, through its employee Breiden, agreed to "pass along" to plaintiff. Defendant's answer asserted the defenses of illegality and impossibility of performance; lack of consideration; and Statute of Frauds. The answer also contained a counterclaim seeking return of the entitlements previously paid to plaintiff. Plaintiff moved for summary judgment. In opposition, defendant's president submitted an affidavit in which he explained the purpose behind the entitlement program. He asserted that to "pass along" the entitlements to plaintiff would result in defendant being a party to an illegal transaction. He further asserts that Breiden had no authority to agree to an illegal transaction. Defendant claimed that the entitlement program was designed to take away the competitive advantage of companies like plaintiff, who have access to oil that is free of price control by requiring them to purchase a certain number of entitlements, and that if defendant were to give away the entitlements, it would subvert the program and violate Federal law and FEA rules and regulations. Special Term determined there were issues of fact including whether the pass through of the entitlements was so extraordinary as to fall outside Breiden's scope of authority and whether defendant actually ratified Breiden's acts. While Breiden, in the past, had negotiated the sale of various oil cargoes, plaintiff has not shown that Breiden ever agreed to "pass along" entitlements of defendant on other occasions. The extraordinary character and purpose of the entitlement program standing alone is sufficient to raise a question of fact as to Breiden's authority to "pass along" the entitlements. While plaintiff has shown that defendant's president was aware of the arrangements made by Breiden when he issued the additional credit memo, that is not necessarily a ratification. Actually, defendant's president repudiated the transaction insofar as it applied to the oil cargoes sold to Vitol Trading S. A. and Derby & Co. Thus, we agree with Special Term that issues exist of whether defendant's employees were authorized to enter into any agreement or engage in any conduct which may have placed defendant in violation of Federal law and FEA rules and regulations or whether defendant later ratified such arrangements. Concur—Kupferman, J. P., Evans, Fein, Markewich and Bloom, JJ.